# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MUNSTER STEEL CO., INC., <br> Plaintiff, | ) <br> ) <br> ) |
| v. | )     CAUSE NO. 2:16-CV-345-RL-JEM |
| | ) |
| CRANE 1 SERVICES, INC., <br> Defendant. | ) <br> ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Seal Document [DE 59], filed by Plaintiff on March 20, 2018. Plaintiff seeks leave of Court to place under seal a Contribution and Asset Purchase Agreement ("Agreement") evidencing transfers between various Crane 1 entities.

Northern District of Indiana Local Rule 5-3 provides, "No document will be maintained under seal in the absence of an authorizing statute, Court rule, or Court order." N.D. Ind. L.R. 5-3(a). "What happens in the federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). "The public has a legitimate interest in the record compiled in a legal proceeding because the public pays for the courts," but this interest may be overridden "if there is good cause for sealing part of the record." *Forst v. Smithkline Beecham Corp.*, 602 F. Supp. 2d 960, 974 (E.D. Wis. 2009) (citing *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999)). "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification" by the Court. *Hicklin*, 439 F.3d at 348. A motion to file documents under seal must justify the claim of secrecy, analyzing the applicable legal criteria. *Citizens First*, 178 F.3d at 945; *see also, e.g., Cnty Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007); *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544, 547 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). In *Hicklin*, the

Seventh Circuit Court of Appeals reminded that it has "insisted that litigation be conducted in public to the maximum extent . . . This means that both judicial opinions and litigants' briefs must be in the public record, if necessary in parallel versions–one full version containing all details, and another redacted version with confidential information omitted." 439 F.3d at 348 (internal citations omitted).

The decision of whether good cause exists to file a document under seal rests solely with the Court. *See Citizens First Nat'l Bank*, 178 F.3d at 945 ("The determination of good cause cannot be eluded by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal."). Good cause may exist if the documents are sealed in order to maintain the confidentiality of trade secrets, privileged information, including documents covered by the attorney-client privilege, and other non-public financial and business information. *See Hicklin*, 439 F.3d at 348; *Baxter Int'l*, 297 F.3d at 546. Trade secrets are defined as any information that derives economic and competitive value from not generally being known and is subjected to reasonable efforts to maintain its secrecy. *See Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 247-48 (S.D. Ind. 2001). Documents are covered by the attorney-client privilege when they contain communications that have been made in confidence between a lawyer and a client or the client's representative, in connection with the provision of legal services. *United States v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007).

Plaintiff requests that the Agreement be sealed because it has been designated "confidential" under a protective order governing this case. But a protective order cannot function as "a virtual carte blanche to [any] party to seal whatever portions of the record the party want[s] to seal." *Citizens First*, 178 F.3d at 944. Plaintiff does not otherwise justify its claim for the need for secrecy or analyze any of the applicable legal criteria, and a review of the documents does not reveal any information that

is so obviously sensitive on its face as to meet the good cause standard. Plaintiff has not identified what information needs to be made secret or why, nor has it provided any argument that redacting some of the (unidentified) sensitive information, rather than maintaining the entirety of the 61-page Agreement under seal, would be insufficient protection.

Accordingly, the Court hereby **DENIES** Plaintiff's Motion for Leave to Seal Documents [DE 59] **with leave to refile** a renewed Motion to Seal and/or Redact that complies with the applicable legal standards. If no party files such a motion on or before **April 3, 2018**, the Agreement will be unsealed.

SO ORDERED this 26th day of March, 2018.

                                     s/ John E. Martin
                                     MAGISTRATE JUDGE JOHN E. MARTIN
                                     UNITED STATES DISTRICT COURT

cc:    All counsel of record