**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| MUNSTER STEEL CO., INC., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CRANE 1 SERVICES, INC., )<br>    Defendant. ) | CAUSE NO. 2:16-CV-345 |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to File Amended Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand [DE 53], filed by Defendant Crane 1 Services, Inc., on February 27, 2018; a FRCP Rule 14 Motion for Leave to File Third-Party Complaint Against Cincinnati Crane & Hoist, LLC [DE 78], filed by Defendant on June 1, 2018; and a Motion to Extend Discovery Deadlines [DE 90], filed by Plaintiff Munster Steel Co., Inc., on July 13, 2018. Defendant seeks to amend its Answer to reflect that the party that answered was not the party with which Plaintiff contracted. Plaintiff filed a response objecting to the Motion to Amend on March 20, 2018, and on April 6, 2018, Defendant replied. In the other motions, Defendant seeks to file a complaint against a third party, which Plaintiff does not oppose, and Plaintiff seeks to extend discovery deadlines, which Defendant does not oppose.

**I.     Background**

On October 1, 2013, Plaintiff Munster Steel signed a contract with an entity called "Crane 1 Services" that required Crane 1 Services to design, supply, and install cranes and related equipment to Plaintiff's new facility. According to Plaintiff, work began by September 2014, but by October 2014, Plaintiff had identified "serious deficiencies" with the cranes and the manner in which they were installed. Plaintiff filed its Complaint on July 26, 2016, alleging breach of contract.

On September 16, 2016, Defendant Crane 1 Services answered, identified itself as a Delaware corporation, and admitted that it had contracted with Plaintiff.

As Defendant now admits, that identification was wrong. Crane 1 Delaware was only incorporated in 2015, two years after the contract with Plaintiff was signed. In September 2017, Defendant disclosed that Plaintiff had in fact contracted with "Crane 1 Ohio," and that Crane 1 Delaware purchased the majority of Crane 1 Ohio's assets in October 2015. Crane 1 Ohio also transferred assets and stock to two other entities, changed its name to "RNM Holdings," and eventually dissolved in June 2016. Defendant now seeks to amend its complaint to correct the misidentification, and to file a third-party complaint against Cincinnati Crane & Hoist LLC, which Defendant alleges supplied several of the cranes at issue in this case.

## II.    Standard of Review

Federal Rule of Civil Procedure 15 provides that "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further provides that the Court "should freely give leave when justice so requires." *Id*. The decision to grant or deny a motion to amend lies within the Court's sound discretion, but leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991); *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). Federal Rule of Civil Procedure 14 provides that a defendant "may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."

### III. Analysis

Defendant seeks to amend its Answer to indicate that only the Ohio entity was involved in the design and installation of the cranes. Plaintiff opposes the motion, citing bad faith, prejudice, and undue delay. Plaintiff also argues that the "mend the hold" doctrine forecloses Defendant from amending its answer. In its response brief, Plaintiff requests that the Court impose sanctions pursuant to Federal Rule of Civil Procedure 11 against Defendant, alleging failure to make a reasonable inquiry into the facts before taking a position in litigation.

As an initial matter, the Court addresses Defendant's argument that it can amend without seeking leave of court. Defendant points to this Court's scheduling order of February 2, 2017, which states in pertinent part: "Any amendments to the pleadings to be filed by 3/31/2017 or 30 days after the Court's ruling on the pending motion to dismiss, whichever is later." To the extent Defendant interprets that statement to contradict the plain language of Rule 15(a)(2), it is mistaken. For the Court to permit an amendment to the pleadings, the request had to be filed within 30 days of the ruling on the motion to dismiss, *and* satisfy Rule 15 and all other applicable rules of procedure, just as any other pleading would.

Defendant claims the misidentification of the contracting entity was an oversight. Defendant states that because Crane 1 Delaware and Crane 1 Ohio had the same brand name, facilities, equipment, and business records, the business itself "did not undergo a significant or even apparent change." As a result, the distinction between the two entities "did not resonate" with former counsel, who withdrew in January 2018, or with the employees who approved the pleadings and discovery responses.

Plaintiff argues that Defendant offers its proposed amendment in bad faith. Plaintiff points to the prior pleadings and verified discovery responses that did not properly acknowledge Crane 1 Ohio's role. Plaintiff accuses Defendant of deliberately misidentifying the contracting party to obscure the transactions among the Crane 1 entities. In essence, Plaintiff accuses Defendant of fraudulently litigating as Crane 1 Delaware to detract attention from the inability of Crane 1 Ohio to satisfy a potential judgment.

Defendant does offer a reason for its errors: its prior counsel and its employees did not understand the distinction between the Crane 1 entities because the asset sale did not make an apparent difference in the operations of the business. Without evidence that the relevant individuals did in fact understand the distinction, the Court is not prepared to conclude that Defendant is acting in bad faith. If Plaintiff's discovery reveals otherwise, it will have other avenues in which to address any impropriety in the asset transfer.

Plaintiff also argues that Defendant's proposed amendment should be rejected for prejudice and undue delay. The passage of time is not enough to deny leave to amend; the non-moving party must be prejudiced in some way by the delay. *McCoy v. Iberdola Renewables, Inc.*, 760 F.3d 674, 687 (7th. Cir. 2014); *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004). Therefore, the factors of prejudice and undue delay are often considered together. *Dubicz*, 377 F.3d at 792. When the alleged prejudice arises from the lateness of the amendment, undue prejudice is typically found when the amendment is sought after discovery has closed, or when one of the parties has moved for summary judgment. *See, e.g.*, *Crest Hill Land Dev., LLC v. City of Joliet,* 396 F.3d 801, 804 (7th Cir. 2005) (denying leave to amend was not an abuse of discretion when discovery had closed and summary judgment briefing had begun); *Johnson v. Methodist Med. Ctr. of Ill.*, 10 F.3d

1300, 1304 (7th Cir. 1993) (same); *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 353-54 (N.D. Ind. 2010) (collecting cases).

The actual length of delay in this case is a open to interpretation. Plaintiff points to the time that passed between the filing of the lawsuit in July 2016 and Defendant's motion to amend, filed on February 27, 2018. Defendant states that its counsel did not realize the distinction between the entities until September 2017, approximately five months before Defendant's motion. In any case, discovery is still ongoing, and the parties have in fact agreed to seek an extension of the discovery deadlines, so the delay will not cause undue prejudice.

Plaintiff asserts that discovery taken prior to the amendment would be rendered essentially useless as it concerns a party that will now seek to deny liability and deny that it had signed a contract with Plaintiff. However, the operative facts of the case relate to the design and installation of the cranes at Plaintiff's facility, and those facts were apparently common to both Crane 1 entities. As Plaintiff admits, the two Crane 1 entities had the same officers and employees and performed the same work, including the work at issue in this case. While additional discovery is appropriate, and some of it may be duplicative, the prior discovery is not useless. Furthermore, although more discovery was inevitable after Defendant disclosed the existence of Crane 1 Ohio, much of it arises because of the disputed transaction between the Crane 1 entities, not from the proposed amendment itself. Even if Defendant were held to the responses in its prior Answer, Plaintiff would still seek discovery about the relationships among the various Crane 1 entities and their employees and the implications for potential liability for those entities. (In fact, it has already done so; some of that discovery is the subject of pending Motion to Compel.) Because the additional discovery would have

occurred with or without the proposed amendment, the amendment itself would not prejudice Plaintiff in that regard.

Plaintiff also argues that the "mend-the-hold doctrine" forecloses Defendant from amending its Answer. Under the mend-the-hold doctrine, which is typically used in the insurance context, a defendant in a breach of contract case is limited from changing its position once the litigation has started if the other party would be prejudiced. *See, e.g., Ryerson Inc. v. Fed. Ins. Co.*, 676 F.3d 610, 614 (7th Cir. 2012). However, the doctrine has not typically been applied in Indiana. *See Amerisure Ins. Co. v. Nat'l Sur. Corp.*, 695 F.3d 632, 636 (7th Cir. 2012) (declining to adopt the doctrine in the absence of Indiana state court precedent). Plaintiff cites to a case in which it was enforced in Illinois, *Harbor Ins. Co. v. Cont'l Bank Corp.*, 922 F.2d 357 (7th Cir. 1990), but does not provide compelling authority showing that it should be applied in Indiana. Accordingly, the Court declines to apply the mend-the-hold doctrine.

Plaintiff urges the Court to sanction Defendant pursuant to Rule 11 for failing to make a reasonable inquiry into the facts before filing its Answer. Plaintiff cites Federal Rule of Civil Procedure 11(b)(3) and (4), which requires that any representations have evidentiary support or are reasonably based on belief or a lack of information. However, under federal and local rules, a motion for sanctions must be made separately from a response brief. Fed. R. Civ. P. 11(c)(2); N.D. Ind. L.R. 7-1(a). The Court declines to consider Plaintiff's request, and reminds Plaintiff to follow all applicable rules of procedure should it wish to seek sanctions.

Accordingly, the Court finds that Defendant's amendment was not offered in bad faith, that it will not result in undue delay or undue prejudice to Plaintiff, and that the mend-the-hold doctrine does not apply in Indiana. On that basis, Defendant may amend its answer.

Defendant also seeks leave to file a Third-Party Complaint against Cincinnati Crane & Hoist, LLC, claiming that many of the alleged defects complained of by Plaintiff arise out of work performed by that entity. If true, it appears that the proposed third party "is or may be liable to [Defendant] for all or part of the claim against [Defendant]," and Defendant represents that Plaintiff does not object to the proposed addition, so allowing the third-party complaint is appropriate. Fed. R. Civ. P. 14(a)(1).

In its Motion to Extend Discovery Deadlines, Plaintiff requests extensions of various discovery-related deadlines to accommodate the additional discovery that followed the withdrawal of Defendant's prior counsel, and to allow the parties to engage in mediation before that discovery is taken. Plaintiff represents that Defendant agrees to the requested extensions. Particularly in view of the additional claims and party being added to the suit, the Court agrees that additional time is needed.

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion for Leave to File Amended Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand [DE 53] and Defendant's FRCP Rule 14 Motion for Leave to File Third-Party Complaint Against Cincinnati Crane & Hoist, LLC [DE 78]. The Court **ORDERS** Defendant to file its Amended Answer, currently on the docket as an attachment to the instant Motion, by **August 7, 2018**, and **REMINDS** Defendant of the need to provide summons and effect service on the third-party defendant in accordance with Federal Rule of Civil Procedure 4. The Court **GRANTS, for relief different than requested,** Plaintiff's Motion to Extend Discovery Deadlines [DE 90]. Noting that the introduction of an additional party may result in further discovery, the Court **SETS** this matter for a telephonic

status conference, to be initiated by the Court on **September 20, 2018, at 10:00 a.m. (CST)**, to establish new deadlines for discovery. Any change of contact information is to be provided to the Court's case manager at sue.brown@innd.uscourts.gov or (219) 852-6703 no earlier than forty-eight (48) hours in advance of the conference. The parties are **ORDERED** to file a proposed joint discovery plan by September 14, 2018.

Given that the amendment to Defendant's Answer and the introduction of the additional party may affect the discovery disputes pending in this case, the Court **DENIES as moot, with leave to re-file**, the three discovery motions currently pending: Plaintiff's Motion to Compel Answers to Certified Questions, to Compel Answers to Plaintiff's Second Set of Interrogatories, and for Fees and Costs [DE 69]; Defendant's Motion to Quash Subpoena Issued to Kenneth Hessevick or Alternatively Modify the Subpoena to Protect Privileged Communications [DE 82]; and Defendant's Motion to Quash Subpoena Issued to Gregory Tonner [DE 83].

So ORDERED this 25th day of July, 2018.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record