**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| MUNSTER STEEL CO., INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CRANE 1 SERVICES, INC., *et al.*, | ) | |
| Defendants. | ) | |
| _____ | ) | CAUSE NO. 2:16-CV-345 |
| | ) | |
| CRANE 1 SERVICES, INC., | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CINCINNATI CRANE & HOIST, LLC, | ) | |
| Third-Party Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Crane I Services, Inc.'s Motion to Strike Cincinnati Crane

& Hoist, LLC's Affirmative Defenses [DE 124], filed December 12, 2018. Third-Party Plainitff

Crane 1 Services seeks to strike all of Third-Party Defendant Cincinnati Crane & Hoist's affirmative

defenses pursuant to Federal Rule of Civil Procedure 12(f). Cincinnati filed a response on January

9, 2019, and Crane 1 replied on January 24, 2019.

**I. Standard of Review**

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.

P. 12(f). Motions to strike are generally disfavored, but when striking portions of a pleading

"remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay." *Heller*

*Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Ultimately, whether

to strike material under Rule 12(f) is within the sound discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992). Because affirmative defenses are pleadings, they must meet all pleading requirements of the Federal Rules of Civil Procedure, including "set[ting] forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)). "[B]are bones conclusory allegations" which "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims" will not meet this standard and may be stricken. *Id.* at 1295.

## II.       Analysis

Crane 1 seeks to strike each of Cincinnati's affirmative defenses. Cincinnati argues that its defenses meet the requisite pleading standard. The Court addresses each in turn.

### A.       First Affirmative Defense

Cincinnati's first affirmative defense states that Crane 1 fails to state a claim upon which relief can be granted. Crane 1 argues that it should be stricken as lacking in factual support. However, the former Federal Rule of Civil Procedure 84, now abrogated, and the accompanying Form 30 in the Appendix to the Rules explicitly provided for an affirmative defense of failure to state a claim upon which relief may be granted. *See Kimbrew v. Advocate Health & Hosps. Corp.*, No. 10 C 4531, 2010 WL 5135908, at *1 (N.D. Ill. Dec. 8, 2010) (declining to strike on the grounds that "[the] first defense, however, follows the form set forth in the Federal Rules of Civil Procedure") (citing Fed. R. Civ. P. Form 30); *Leon v. Jacobson Transp. Co.*, No. 10 C 4939, 2010 WL 4810600, at *2 (N.D. Ill. Nov. 19, 2010) ("[T]his language is specifically listed in Form 30, and Rule 84 explicitly states that the Forms 'suffice' under the rules."). Therefore, the Court finds that it suffices under the Rules and will not be stricken.

B.    Second, Tenth, and Twelfth Affirmative Defenses

Cincinnati's second affirmative defense states that the alleged injuries and damages were caused by "the superseding or intervening conduct of other parties"; its tenth states that Cincinnati is "not a proximate or legal cause of any injury or loss"; and its twelfth states that Crane 1 "does not have standing to assert claims raised in the Complaint." Crane 1 argues that the second defense is duplicative of the tenth, that lack of standing is not an affirmative defense, and that all three lack factual basis and are redundant given the denials to the allegations in the Complaint. Cincinnati provides no argument as to these affirmative defenses. The Court finds that they do not provide sufficient factual detail.

C.    Third, Fourth, Fifth, Sixth, and Thirteenth Affirmative Defenses

Cincinnati's third affirmative defense alleges that Crane 1's claims are limited by its failure to mitigate damages. Its fourth affirmative defense alleges that it is entitled to "apportionment [from other tortfeasors] for that person or entity's percentage of the tortuous conduct." Its fifth and sixth affirmative defenses state that the claims are barred by "the doctrine of waiver, release, laches, or estoppel" and "Plaintiff's own negligence, fault, laches, or estoppel," respectively. Its thirteenth defense states that it has "a right to set off damages." These amount to a laundry list of would-be defenses, consisting of "nothing but bare bones conclusory allegations" without "any short and plain statement of facts." *Heller*, 883 F.2d at 1295. Accordingly, they must be stricken.

D.    Seventh, Eighth, and Ninth Affirmative Defenses

Cincinnati's seventh affirmative defense alleges lack of subject matter and/or personal jurisdiction, and its eighth states that the claims "may be barred because venue is not appropriate in this forum." Its ninth defense states that the claims "may be barred . . . because Plaintiff has failed

to join a necessary party." These, like Cincinnati's prior defenses, are devoid of factual allegations. Cincinnati argues that jurisdiction, venue, and failure to join are contemplated as affirmative defenses under Federal Rule of Civil Procedure 12. They are, but that does not excuse Cincinnati's obligations to provide a sufficient factual basis for its pleadings.

E.      Eleventh Affirmative Defense

Cincinnati's eleventh defense states that "Plaintiff's claim is barred . . . because Plaintiff is not a party in interest to the relevant agreements." The Complaint against Cincinnati alleges that Cincinnati entered into certain contracts with Crane 1, attached as exhibits to the Complaint, which apparently form the basis of the claims against Cincinnati. The Court finds that given that the contracts were discussed in and attached to the Complaint, Cincinnati's allegation that it was not a party to those contracts contains sufficient factual detail, and the defense need not be stricken.

F.      Reservation of Rights and Defenses

Crane 1 also seeks to strike Cincinnati's statement that it "reserves the right to amend and/or supplement these affirmative defenses as appropriate." It is true that affirmative defenses cannot be added without Crane 1's written consent or the Court's leave, but nothing in the sentence at issue contradicts that, and Defendant has not attempted to add any defense without seeking leave. According, the Court declines to strike the statement.

III.    **Conclusion**

For the reasons discussed above, the Court **GRANTS in part and DENIES in part** Crane I Services, Inc.'s Motion to Strike Cincinnati Crane & Hoist, LLC's Affirmative Defenses, filed December 12, 2018 [DE 124]. The Court **STRIKES** the Second, Third, Fourth, Fifth, Sixth,

Seventh, Eighth, Ninth, Tenth, Twelfth, and Thirteenth Affirmative Defenses in Cincinnati Crane

& Hoist LLC's Answer [DE 115].

So ORDERED this 4th day of February, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record