**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| MUNSTER STEEL CO., INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| CRANE 1 SERVICES, INC., *et al.*, | ) | |
|     Defendants, | ) | |
| | ) | CAUSE NO. 2:16-CV-345-TLS-JEM |
| | ) | |
| CRANE 1 SERVICES, INC., | ) | |
|     Third-Party Plaintiff, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| CINCINNATI CRANE & HOIST, LLC, | ) | |
|     Third-Party Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Compel [DE 175], filed by Defendant Crane 1 Services, Inc. ("Crane 1 Delaware") on August 9, 2019. Defendant seeks to compel Plaintiff Munster Steel Co., Inc. ("Munster") to identify the documents that support each of its damage claims. Plaintiff filed a response on August 23, 2019, and Defendant filed a reply on August 28, 2019.

**I.     Background**

Munster alleges that Crane 1 Delaware is liable for the failure of a related corporation, Crane 1 Ohio, to properly design, supply, and install cranes and related equipment at Munster's new facility. In written discovery, Munster produced an "Alleged Damages Sheet," listing 31 different categories of damages. Each category listed a corresponding appendix containing documentation of the damages for that category. Munster periodically updated its damages sheet, and the contents of the 23 appendices, as it made supplemental document productions. On July 2, 2019, Crane 1

Delaware indicated to Munster that it was missing several appendices referenced in the damages sheet, and requested that Munster produce updated appendices in full. After discussion among counsel, Munster provided an e-mail listing the date each appendix was last updated and the Bates numbers of the documents for that update (e.g. "Appendix B: updated on 5/29/19 with MSC18234-18237"). Crane 1 Delaware responded that Munster's list did not appear to correspond to the documents that had been produced. Munster eventually replied with a "listing of all of the bates numbers (previous and recent updates) that support the various appendices": 83 sets of Bates numbers, with no reference to any corresponding appendix ("MSC018220-MSC018223, MSC017994-MSC18191," etc.). Crane 1 Delaware filed the instant motion to compel, asking the Court to order Munster to produce the updated appendices in full, or identify the Bates numbers that comprise each appendix.

## II.     Analysis

A party responding to a request for production "must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). The requesting party may seek an order to compel discovery when the producing party provides evasive or incomplete responses. Fed. R. Civ. P. 37(a). The motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make a disclosure or discovery in an effort to obtain it without court action." *Id*.; *see also* N.D. Ind. L.R. 37-1 ("The certification must include . . . the date, time, and place of any conference" and the names of the participants).

First, Munster argues that the motion should be denied because Crane 1's Delaware's separate certification did not list the date, time, place and participants in the conference. Although the certification itself does not comply with the rule, the attachments to the motion contain the

relevant details, and document that counsel did confer and that Crane 1 Delaware attempted to obtain the discovery without court action. The Court will not decline the motion on this basis. *See* N.D. Ind. L.R. 37-1(b) (the Court "may" deny the motion if the certification is not compliant).

Crane 1 Delaware asks the Court to compel Munster to produce the appendices in full, or identify the Bates numbers that comprise each appendix. Although neither party attached the original request for production to its briefing, the correspondence between counsel shows that Crane 1 Delaware requested copies of the appendices referenced for each item in Munster's damage sheet. *See* Mot. to Compel, Exs. 3-4 [DE 175-1]. Therefore, Munster was required to "organize and label" its productions "to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). It is apparent that Munster has not done so. First, Munster has not addressed Crane 1 Delaware's contention that the original versions of Appendices Q, R, S, T, U, V, and W were never produced. *See* Mot. to Compel, Ex. 4 [DE 175-1]. Although counsel for Munster responded with an e-mail identifying "recent updates" to those appendices, the e-mail did not address the missing original documents. Nothing in the briefing shows that Munster produced those original appendices, or identified documents that comprised those original appendices. The Court concludes that Munster has either failed to properly "organize and label" the documents corresponding to the appendices or has not produced them.

Munster claims that its counsel's July 22, 2019 e-mail, listing a series of Bates numbers without reference to any appendix, satisfied its obligations to organize and label under Rule 34. The e-mail was evasive at best, and Munster's argument strains credulity. The e-mail read: "[B]elow is a listing of all of the bates numbers (previous and recent updates) that support the various appendices: MSC018220-MSC018223, MSC017994-MSC018191, MSC001037, [...]". The e-mail recited 83 different sets of Bates numbers in this fashion, with no further explanation. Munster states

that the e-mail "provided Crane 1 Delaware the identifying bates number for each document contained in each index in alphabetical order." As an example, Munster says, the e-mail "identified" documents MSC001037 and MSC014916 "as the documents comprising Appendix A." But those documents were the third and fourth entries in the list of 83, and no appendix was referenced anywhere in the e-mail. Nor is it clear where Appendix A is supposed to end and Appendix B begins. Crane 1 Delaware should not be made to play guessing games with Munster's discovery.

Munster argues that if Crane 1 Delaware's counsel had contacted Munster's counsel after the July 22, 2019 e-mail, "he would have been informed that the numbers corresponded to each appendix in alphabetical order." Because there were no appendices listed in the e-mail, and no indication that there was any kind of order to the list, Crane 1 Delaware had no reason to think it was organized by appendix. Ultimately, the July 22 e-mail and the other productions discussed in the briefing do not indicate that Munster has organized and labeled its documents in the manner required by Rule 34.

### III.    Conclusion

For the reasons stated above, the Court **GRANTS** the Motion to Compel [DE 175]. The Court **ORDERS** Munster to either (1) produce the updated appendices in full and separately label each appendix, or (2) identify the Bates numbers that comprise each appendix, clearly indicating which documents are contained in each appendix, by **September 27, 2019**. Because the motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Accordingly, the Court **ORDERS** Crane 1 Delaware to file, by **September 27, 2019**, an itemization of costs and fees incurred in making the motion, with Munster to respond by **October 11, 2019**, and Crane 1 Delaware to file a reply, if any,

4

by **October 18, 2019**.

SO ORDERED this 13th day of September, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record