# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MUNSTER STEEL CO., INC., <br>     Plaintiff, <br><br> v. <br><br> CRANE 1 SERVICES, INC., *et al.*, <br>     Defendants, <br><br> CRANE 1 SERVICES, INC., <br>     Third-Party Plaintiff, <br><br> v. <br><br> CINCINNATI CRANE & HOIST, LLC, <br>     Third-Party Defendant. | CAUSE NO. 2:16-CV-345-TLS-JEM |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Discovery Responses and Depositions from Defendant RNM Holdings, Inc. [DE 179], filed on August 23, 2019. Plaintiff seeks to compel Defendant RNM to produce documents, and witnesses for deposition, relating to RNM's financial condition and its relationship with co-Defendant Crane 1 Services ("Crane 1 Delaware"). RNM filed a response on September 6, 2019, and Plaintiff filed a reply on September 13, 2019.

**I.    Background**

On October 1, 2013, Plaintiff Munster Steel signed a contract with an entity called "Crane 1 Services" that required Crane 1 Services to design, supply, and install cranes and related equipment to Munster's new facility. According to Munster, by October 2014, Munster had identified "serious deficiencies" with the cranes and the manner in which they were installed. Munster filed its initial complaint on July 26, 2016, alleging breach of contract. Defendant "Crane

1 Services" answered, identified itself as a Delaware corporation, and admitted that it had contracted with Munster. During discovery, Defendant disclosed that Plaintiff had in fact contracted with "Crane 1 Ohio," and that Crane 1 Delaware purchased the majority of Crane 1 Ohio's assets in October 2015. Munster then filed an amended complaint, adding a fraudulent misrepresentation claim against Crane 1 Ohio (now known as "RNM Holdings"), and claims of fraudulent concealment and fraudulent transfer and conveyance against both Crane 1 entities. Munster now seeks discovery from RNM regarding RNM's financial condition, the asset purchase agreement, and the relationship between the Crane 1 entities.

**II.     Analysis**

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when the producing party provides evasive or incomplete responses. Fed. R. Civ. P. 37(a). The motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make a disclosure or discovery in an effort to obtain it without court action." *Id*. The party objecting to the discovery request bears the burden of "show[ing] why [that] particular discovery request is improper." *McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion to decide discovery matters. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014).

First, Munster seeks documents related to RNM's financial condition. RNM objects

generally that Munster's requests are "irrelevant, overly broad, unduly burdensome and premature." RNM does not explain why the requests are burdensome, but essentially argues that its financial information is irrelevant to the claims, and could be unfairly prejudicial if used at trial. Although RNM cites cases holding generally that information about a defendant's finances is not discoverable, the opposite is true if the allegations "clearly bring the corporation's financial condition into issue." *Simon v. Whichello*, No. 1:05-CV-333, 2006 WL 2042154, at *4 (N.D. Ind. July 18, 2006); *see also Marshall v. GE Marshall, Inc.*, No. 2:09 CV 198, 2012 WL 2343368, at *3-4 (N.D. Ind. June 20, 2012) (finding that individual defendants' financial information was discoverable where plaintiff alleged breaches of fiduciary duty).

Munster argues, in part, that the asset purchase agreement was fraudulent, and that RNM's financial information is relevant to the question of whether RNM received sufficient consideration in the agreement. RNM does not directly address that argument, but states that Munster "already has all the information it needs," because Munster has the agreement itself and "the timing and terms and conditions" have been disclosed. Given that Munster claims the agreement itself is fraudulent, RNM has not shown why the only information relevant to its claim is the content and timing of the agreement. Moreover, Munster has made claims for punitive damages, *see* First Am. Compl. [DE 108], ¶¶ 89-100, and a defendant's finances have been found to be relevant to the calculation of punitive damages. *See United States v. Autumn Ridge Condo. Ass'n, Inc.*, 265 F.R.D. 323, 327-28 (N.D. Ind. 2009) (listing cases).

RNM provides a list of boilerplate objections, but none with enough specificity to meet its burden to show the request is "improper." RNM says the information is confidential, but does not say why the confidential information cannot be addressed with a protective order. RNM also claims the information could be prejudicial at trial, but points to no authority holding that relevant

3

information should be withheld in discovery because it may be prejudicial at trial. At the discovery phase, Munster is entitled to seek discovery that "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer*, 437 U.S. at 351.

RNM complains that "the sheer scope and breadth of these requests would be time consuming, expensive, burdensome and oppressive," but does not address any particular request or explain why producing financial information is oppressive. Given that the information is relevant to Munster's claims, generalized, boilerplate objections to Munster's requests for that information are not sufficient. *See Gingerich v. City of Elkhart Prob. Dep't*, 273 F.R.D. 532, 536 (N.D. Ind. 2011) (citing *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009)) (finding that boilerplate objections do not meet the objecting party's burden to show with specificity that the request is improper).

Munster also requests that the Court compel RNM to produce witnesses to sit for deposition regarding the asset purchase agreement and the relationship between the two Crane 1 entities. RNM does not directly address the depositions beyond its objection that the topics are irrelevant. For the reasons stated above, the Court finds that the proposed deposition topics are relevant, and therefore RNM's witnesses must sit for deposition on those topics.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Compel Discovery Responses and Depositions from Defendant RNM Holdings, Inc. [DE 179]. The Court **ORDERS** RNM to (1) produce documents in response to requests for production #38-55, #58-61, and #63 by **November 8, 2019**, and (2) produce a witness or witnesses for deposition regarding the asset purchase agreement and the relationship between Crane 1 Delaware and Crane 1 Ohio.

Because the motion to compel is granted, "the court must, after giving an opportunity to be

heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Accordingly, the Court **ORDERS** Munster to file, by **October 23, 2019**, an itemization of costs and fees incurred in making the motion, with RNM to respond by **November 6, 2019**, and Munster to file a reply, if any, by **November 13, 2019**.

SO ORDERED this 9th day of October, 2019.

                                                   s/ John E. Martin
                                                   MAGISTRATE JUDGE JOHN E. MARTIN
                                                   UNITED STATES DISTRICT COURT

cc:     All counsel of record