**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| MUNSTER STEEL CO., INC., )<br>    Plaintiff, )<br>    )<br>v. )<br>    )<br>CRANE 1 SERVICES, INC., *et al.*, )<br>    Defendants, )<br>_____)<br>    )<br>CRANE 1 SERVICES, INC., )<br>    Third-Party Plaintiff, )<br>    )<br>v. )<br>    )<br>CINCINNATI CRANE & HOIST, LLC, )<br>    Third-Party Defendant. ) | CAUSE NO. 2:16-CV-345-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendant, Crane 1 Services, Inc., an Ohio Corporation n/k/a RNM Holdings, Inc.'s Partial Motion to Reconsider [DE 196], filed October 22, 2019. Defendant RNM asks the Court to reconsider in part its Opinion and Order compelling it to produce documents in response to Munster Steel's motion to compel. Munster filed a response on October 30, 2019, and RNM filed a reply on November 4, 2019.

**I.    Background**

On October 1, 2013, Munster signed a contract with an entity called "Crane 1 Services" that required Crane 1 Services to design, supply, and install cranes and related equipment to Munster's new facility. According to Munster, by October 2014, Munster had identified "serious deficiencies" with the cranes and the manner in which they were installed. Munster filed its initial complaint on July 26, 2016, alleging breach of contract. Defendant "Crane 1 Services" answered, identified itself as a Delaware corporation, and admitted that it had contracted with Munster. During discovery,

Defendant disclosed that Plaintiff had in fact contracted with "Crane 1 Ohio," and that Crane 1 Delaware purchased the majority of Crane 1 Ohio's assets in October 2015. Munster then filed an amended complaint, adding a fraudulent misrepresentation claim against RNM (the entity formerly known as Crane 1 Ohio), and claims of fraudulent concealment and fraudulent transfer and conveyance against Crane 1 Delaware and RNM.

On August 23, 2019, Munster filed a motion to compel RNM to produce documents "relating to the asset purchase agreement as well as Crane 1 Ohio's financial condition." Munster did not list its corresponding requests for production (#38-55, 58-61, and 63) in its prayer for relief, but referred to them in a citation within the motion. In its response, RNM indicated that it was "uncertain of the specific document requests [to] which Plaintiff is attempting to compel responses." In its reply, Munster's prayer for relief sought "documents in response to request nos. 38-55, 58-61 and 63." The Court found that RNM did not satisfy its burden to show that Munster's discovery requests were improper, and ordered RNM to "produce documents in response to [Munster's] requests for production #38-55, #58-61, and #63."

RNM now asks the Court to reconsider its order. RNM argues that three of the requests (#46, 52, and 54) seek privileged information, and claims that it was not able to present its objections because those individual requests were not explicitly discussed in the original motion. (RNM does not address the fact that the requests were listed in a citation within the motion.) Munster argues that the Court's order should stand, because RNM never asserted privilege objections in its initial responses to those requests, and states that the motion provided adequate detail as to what it was requesting.

**II.    Analysis**

A request for reconsideration is not appropriate "for rehashing previously rejected arguments

or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir.1996). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v. Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir.2013)) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). "Such problems [appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983)).

In brief, the requests disputed in this motion (#46, 52, and 54) sought communications between the Crane 1 entities, and between RNM (formerly Crane 1 Ohio) and related company Pfingsten Partners LLC, relating to this lawsuit. RNM argues that the disputed requests did not directly seek financial information, and were therefore "beyond the scope" of the motion to compel. However, some of those communications almost certainly "relate to the asset purchase agreement" and to Crane 1 Ohio's financial condition, which was what Munster explicitly requested in the motion. Munster highlighted this in prior correspondence among counsel, after RNM responded that no relevant communications existed. *See* Ex. C to Mot. to Compel [DE 179-3] ("As we discussed, given the transfer of assets between Crane 1 Delaware and RNM as well as the breadth of the asset purchase agreement, we find it hard to believe that no communications exist between these parties.") (specifically addressing #46 and 52 among other requests).

Munster's motion to compel referred specifically to that correspondence. Although the prayer for relief did not list the document requests by number, the motion stated Munster's demands for documents "in connection with the transfer of assets and current finances," and (contrary to RNM's contention) listed what Munster saw as the corresponding requests: "With respect to the documents Munster Steel sought in connection with the transfer of assets and current finances, Crane 1 Ohio objected to those Requests claiming they were 'irrelevant'. (**See Ex. B, ¶¶ 38-55, 58-61, 63**)." Mot. to Compel [DE 179] at 3 (emphasis added).

However, the Court agrees with RNM that Munster's prayer for relief was ambiguous. The prayer requested documents "relating to the asset purchase agreement as well as Crane 1 Ohio's financial condition," and it was not entirely clear whether this phrase referred specifically to requests 38-55, 58-61, and 63, or to some broader (or narrower) set of requests. The ambiguity put RNM in the position of having to guess which requests it needed to address in its response brief. As the party seeking discovery, it was Munster's burden to be clear about what it was asking for. *See* Fed. R. Civ. P. 7(b)(1)(B) (a motion must "state with particularity the grounds for seeking the order"). The issue was not clarified until Munster filed its reply, so this is not a "matter[] that could have been heard during the pendency of the previous motion," nor a "rehashing [of] previously rejected arguments." *Caisse Nationale,* 90 F.3d at 1270. In the interest of justice, and of protecting any legitimately privileged information from disclosure, the Court finds that RNM should not have to produce documents in response to requests #46, 52 and 54 at this stage.

To the extent RNM's motion seeks a ruling on its privilege objections, that request is premature. The privilege allegedly applying to communications between RNM and Pfingsten (request #46) is the subject of another pending discovery motion, and will be addressed when that order is adjudicated. As for the communications between RNM and Crane 1 Delaware (#52 and 54),

the motion does not provide enough information to conclude, as RNM argues, that all of the requested communications are protected by the joint defense privilege. The joint defense privilege applies to "communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel. . . . Only those communications made in the course of an ongoing common enterprise and intended to further the enterprise are protected." *United States v. Evans*, 113 F.3d 1457, 1467 (7th Cir. 1997). RNM's argument is based in part on the existence of a joint defense agreement that "was just recently executed by the parties." On the basis of the arguments presented, the Court cannot assume that all relevant communications related to the lawsuit would be protected. To the extent a dispute remains regarding production of those documents, the parties must confer about that issue and – if necessary – file the appropriate motion.

Finally, RNM asks that the Court reconsider permitting Munster to seek fees for the motion to compel, because Munster never requested fees. However, when a motion to compel is granted, the Court "*must*, after giving an opportunity to be heard, require the [responsible] party" to pay the movant's reasonable expenses. Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Even if the Court had denied the motion to compel as to the disputed requests, it could still, "after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(B). Therefore, Munster was appropriately permitted to file a request for fees, and RNM's argument in opposition will be considered contemporaneously with that request.

**III.    Conclusion**

For the reasons described above, the Court hereby **GRANTS in part and DENIES in part** Defendant, Crane 1 Services, Inc., an Ohio Corporation n/k/a RNM Holdings, Inc.'s Partial Motion to Reconsider [DE 196]. The Court **ORDERS** that RNM need not produce documents in response

5

to Munster's requests for production #46, #52, and #54 until further order of Court. Any renewed motion to compel addressing these requests must be filed by **November 22, 2019**.

SO ORDERED this 7th day of November, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record