# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MUNSTER STEEL CO., INC., <br>     Plaintiff, <br><br> v. <br><br> CRANE 1 SERVICES, INC., *et al.*, <br>     Defendants, <br>_____ <br><br> CRANE 1 SERVICES, INC., <br>     Third-Party Plaintiff, <br><br> v. <br><br> CINCINNATI CRANE & HOIST, LLC, <br>     Third-Party Defendant. | CAUSE NO. 2:16-CV-345-TLS-JEM |

## OPINION AND ORDER

This matter is before the Court on Defendant, Crane 1 Services, Inc., an Ohio Corporation n/k/a RNM Holdings, Inc.'s Motion to Compel Inspection Against Plaintiff [DE 207], filed November 4, 2019. Defendant RNM asks the Court to compel Plaintiff Munster Steel to allow its facility to be inspected, and seeks reimbursement of attorney fees incurred in filing the instant motion. Co-defendant Crane 1 Delaware filed a response in support of the motion on November 7, 2019. Munster Steel responded on November 18, 2019. Crane 1 Delaware and RNM each filed replies on November 25, 2019.

**I.    Background**

On October 1, 2013, Plaintiff Munster Steel signed a contract with an entity called "Crane 1 Services" that required Crane 1 Services to design, supply, and install cranes and related equipment to Munster's new facility. According to Munster, by October 2014, Munster had identified "serious deficiencies" with the cranes and the manner in which they were installed.

Munster filed its initial complaint on July 26, 2016, alleging breach of contract. Defendant "Crane 1 Services" answered, identified itself as a Delaware corporation, and admitted that it had contracted with Munster. During discovery, Munster permitted "Crane 1 Services" to inspect its facility over three days from December 2016 through January 2017.

In September 2017, Defendant disclosed in discovery that Plaintiff had in fact contracted with "Crane 1 Ohio," and that Crane 1 Delaware purchased the majority of Crane 1 Ohio's assets in October 2015. Munster filed an amended complaint, naming Crane 1 Delaware and Crane 1 Ohio (now known as "RNM Holdings") as defendants. The two Crane 1 entities had some of the same officers, including at least one who participated in the January 2017 inspection. However, RNM now seeks to conduct another inspection of Munster's facility, arguing that it has never had the opportunity to inspect it because it was not a party to the litigation during the prior inspection. Crane 1 Delaware joins in the request to conduct another inspection, arguing that Munster's claims have substantially changed since the original inspection.

**II.     Analysis**

A party seeking to inspect may serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). The requesting party may seek an order to compel discovery when an opposing party fails to permit an inspection. Fed. R. Civ. P. 37(a)(3)(B)(iv). However, the inspection must seek relevant information, and the Court can deny the motion or limit the requested inspection if it would be unreasonably duplicative or burdensome. Fed. R. Civ. P. 34(a), 26(b)(2)(C). In deciding whether to compel an inspection, the Court seeks to balance "[t]he degree to which the

proposed inspection will aid in the search for truth . . . against the burdens and dangers created by the inspection." *Menendez v. Wal-Mart Stores E. L.P.*, No. 1:10-CV-00053, 2012 WL 2155268, at *2 (N.D. Ind. June 13, 2012) (citations omitted). The Court has wide discretion to determine the scope and manner of discovery. *Thermal Design, Inc. v. American Soc'y of Heating, Refrigerating and Air-Conditioning Engrs., Inc.*, 755 F.3d 832, 839 (7th Cir. 2014).

RNM argues that, although one of its officers participated in the prior inspection by "Crane 1 Services," knowledge held by that party should not be attributed to RNM. Crane 1 Delaware argues that Munster has increased its damage claims since the last inspection, warranting a re-inspection, and additional discovery has been taken since the last inspection, permitting a better-informed inspection than was possible in 2017. Munster argues that RNM has already had an opportunity to inspect, because its officer was present at the 2017 inspection. Munster also argues that inspection by either Defendant would be unduly burdensome, because its facility would have to be temporarily shut down and some employees diverted from their jobs.

Despite Munster's objections, the grounds stated by Crane 1 Delaware provide a basis for another inspection by either Defendant. The original inspection was completed in January 2017, shortly after the parties exchanged initial disclosures. At that time, Munster claimed approximately $3.1 million in damages, but as of February 2019, Munster claimed approximately $5.9 million. *See* Crane 1 Delaware's Brief in Support of Motion to Compel, Ex. C-D [DE 211-3, 211-4]. This includes a new claim of damages of $1.086 million dollars for reinforcements of certain buildings, which was first introduced in August 2018. Munster also made numerous allegations of additional flaws with the cranes in its October 12, 2018 Amended Complaint that were not in the original complaint. Because those allegations were not pending when "Crane 1 Services" made its initial

3

inspection, both Defendants should be permitted to inspect the facility.

Munster also argues that the motion to compel should be denied because Defendants did not specify "the items to be inspected and . . . a reasonable time, place and manner of making the inspection." Fed. R. Civ. 34(b). However, Defendants were frustrated in doing so, because when Crane 1 Delaware's counsel proposed the inspection "of the Muster [sic] bridge cranes, gantry cranes, and supporting structures for those cranes" and asked for potential dates and times, Munster categorically refused to permit an inspection. Mot. to Compel, Ex. 1 at 2-4 [DE 207-1]. The Court expects that Defendants will be accommodating to Munster in fashioning the "time, place, and manner" of inspection, to the extent those terms can minimize the burden to Munster's operations. *See Schofield v. United States Steel Corp.*, No. 2:04-CV-520-PRC, 2005 WL 8170022, at *2 (N.D. Ind. Nov. 7, 2005) (granting "greater discretion" to the party accommodating the inspection "because of the burdens and possible hazards therein").

Although the motion is granted, the Court finds that the expense borne by Munster in making its facility available for a second inspection is a "circumstance[] mak[ing] an award of expenses [for the motion to compel] unjust," and will not require Munster to pay the fees incurred by RNM in making the instant motion. Fed. R. Civ. P. 37(a)(5).

### III. Conclusion

For the reasons described above, the Court hereby **GRANTS in part and DENIES in part** Defendant, Crane 1 Services, Inc., an Ohio Corporation n/k/a RNM Holdings, Inc.'s Motion to Compel Inspection Against Plaintiff [DE 207]. The Court **ORDERS** Munster to make its bridge cranes, gantry cranes and supporting structures available for a single inspection, during which Defendants Crane 1 Delaware and RNM may participate. The Court **DENIES** RNM's request for

reimbursement of attorney fees incurred in making the instant motion.

SO ORDERED this 12th day of December, 2019.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record